**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>GCM LIQUIDATION CORPORATION, a Texas corporation, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-22192-JAD & 16-22195-JAD (Jointly Administered under Case No. 16-22192-JAD) |
| GCM LIQUIDATION CORPORATION, a Texas corporation,<br><br>Movant,<br><br>v.<br><br>Parties Listed on the Attached Schedules 1-6 to Exhibit A,<br><br>Respondents. | Docket No. ___<br><br>Hearing Date: August 22, 2017, at 10:00 a.m. (prevailing Eastern Time)<br><br>Response Date: August 15, 2017 |

**GCM LIQUIDATION CORPORATION'S FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS (DUPLICATIVE CLAIMS, SATISFIED CLAIMS, REDUCED CLAIMS, MISCLASSIFIED CLAIMS, NO LIABILITY CLAIMS, AND LATE-FILED CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW, EXPUNGE, RECLASSIFY, REDUCE, AND/OR MODIFY CERTAIN FILED PROOFS OF CLAIM AND/OR AUTHORIZE THE DEBTOR TO DELAY PAYMENT ON SUCH CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULES 1–6 TO EXHIBIT A ATTACHED TO THIS OBJECTION.**

GCM Liquidation Corporation (f/k/a Gulf Chemical & Metallurgical Corporation) (the "Debtor"), one of the above-captioned debtors, respectfully states the following in support of this objection (this "Objection"):

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: GCM Liquidation Corporation (f/k/a Gulf Chemical & Metallurgical Corporation), a Texas corporation (3600), and BMC Liquidation Company (f/k/a Bear Metallurgical Company), a Delaware corporation (1238).

## I. Relief Requested

1. The Debtor seeks entry of an order, substantially in the form attached hereto (the "Order"):

- expunging and disallowing the claims identified on **Schedule 1** to **Exhibit A** (the "Duplicative Claims") in their entirety because such claims are duplicative of other proofs of claim;
- expunging and disallowing the claims identified on **Schedule 2** to **Exhibit A** (the "Satisfied Claims") in their entirety because such claims have been satisfied;
- reducing and allowing the claims identified on **Schedule 3** to **Exhibit A** (the "Reduced Claims") because the Debtor believes, for the reasons articulated on **Schedule 3** to **Exhibit A**, that the Reduced Claims should be reduced;
- recharacterizing the priority of the claims identified on **Schedule 4** to **Exhibit A** (the "Misclassified Claims") because the Debtor believes, after due diligence and research with respect to each claim, and for the specific reasons articulated on **Schedule 4** to **Exhibit A**, that such claims should be classified as set forth on **Schedule 4** to **Exhibit A** instead of how the claimants asserting such Misclassified Claims classified their claims;
- expunging and disallowing the claims identified on **Schedule 5** to **Exhibit A** (the "No Liability Claims") in their entirety because the Debtor believes, for the specific reasons articulated on Schedule 5, that the Debtor has no liability for such claims;
- expunging and disallowing the claims identified on **Schedule 6** to **Exhibit A** (the "Late-Filed Claims," and collectively with the Duplicative Claims, the Satisfied Claims, the Reduced Claims, the Misclassified Claims, and the No Liability Claims, the "Disputed Claims") in their entirety because such claims were not timely filed.

In support of this Objection, the Debtor submits the declaration of Kevin Willis (the "Willis Declaration"), attached hereto as **Exhibit B**.

## II. Jurisdiction

2. The United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 502 and 1106(a)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## III. Background

4. On June 14, 2016 (the "Petition Date"), the Debtor and BMC Liquidation Company (f/k/a Bear Metallurgical Company) ("BMC," and together with the Debtor, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and is operating and managing its business, as a debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On June 30, 2016, the Office of the United States Trustee for the Western District of Pennsylvania (the "United States Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6. On April 11, 2017, the Court entered the Order (I) Authorizing and Approving (A) the Sale of Substantially All of the Debtor Gulf Chemical & Metallurgical Corporation's Assets to Gladieux Chemicals & Metallurgical Company, LLC Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (II) Approving Certain Bid Protections for AMG Vanadium LLC; and (III) Granting Related Relief, Docket No. 742 (the "Sale Order"). Pursuant to the Sale Order, the Court authorized and approved the sale of substantially all of the Debtor's assets to Gladieux Metals Recycling, LLC ("GMR") free and clear of liens, claims, encumbrances, and other interests, pursuant to that certain Asset Purchase Agreement by and between the Debtor and GMR.

7. The sale to GMR closed on May 10, 2017. The Debtor is no longer operating its business as a going concern and is in the process of liquidating its remaining assets that were not sold to GMR, such as accounts receivable. On June 7, 2017, the Debtor filed the Plan of Liquidation of GCM Liquidation Corporation (f/k/a Gulf Chemical & Metallurgical Corporation), Docket No. 805, and the related disclosure statement, Docket No. 804.

8. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of the chapter 11 cases, is set forth in detail in the Declaration of Eric Caridroit in Support of Chapter 11 Petitions and First Day Motions, Docket No. 6, as fully incorporated herein by reference.

## IV. <u>The Claims Reconciliation Process</u>

9. On July 21, 2016, the Debtor filed its statement of financial affairs and schedules of assets and liabilities, Docket No. 17 (as subsequently amended by Docket Nos. 18, 20, 26, and 29, the "Schedules") pursuant to Bankruptcy Rule 1007.

10. On October 23, 2016, the Court entered the Order Approving Motion of Debtors for an Order (A) Establishing Bar Dates for Filing Proofs of Claim and Additional Procedures and (B) Approving Form and Notice Thereof, Docket No. 426 (the "Bar Date Order") establishing certain dates and deadlines for filing claims in this chapter 11 case. Specifically, the Bar Date Order set December 12, 2016 (the "Bar Date"), as the deadline for all persons and entities asserting a claim (as defined in section 101(5) of the Bankruptcy Code) that arose on or prior to the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code and claims of governmental units, to file written proof of such claims.

## V. <u>Objection</u>

### A. **<u>Duplicative Claims</u>**

11. The Debtor objects to three Duplicative Claims. As set forth in the Willis Declaration, the Debtor has reviewed the Duplicative Claims and determined that the Duplicative Claims identified on **<u>Schedule 1</u>** to **<u>Exhibit A</u>** duplicate other proofs of claim (collectively, the "<u>Surviving Claims</u>"). Failure to disallow and expunge the Duplicative Claims could result in the applicable claimants receiving multiple recoveries on account of a single claim, to the detriment of other creditors. Moreover, elimination of such Duplicative Claims will enable the Debtor to maintain a more accurate claims register. Accordingly, the Debtor requests that the Court enter the Order expunging and disallowing those Duplicative Claims identified on **<u>Schedule 1</u>**. This Objection does not affect the Surviving Claims referenced on **<u>Schedule 1</u>** to the Order.

### B. **<u>Satisfied Claims</u>**

12. The Debtor objects to nine Satisfied Claims. As set forth in the Willis Declaration, the Debtor has determined that the Satisfied Claims were one of the following: (a) a claim assumed by GMR pursuant to the APA; (b) a claim filed against BMC and paid by BMC in accordance with BMC's confirmed plan of liquidation; or (c) BMC's claim against the Debtor, which the parties set off against a claim held by the Debtor against BMC during the administration of BMC's chapter 11 plan. Failure to disallow and expunge the Satisfied Claims could result in the applicable claimants receiving an unwarranted recovery from the Debtor, to the detriment of other creditors. Accordingly, the Debtor requests that the Court enter the Order expunging and disallowing the Satisfied Claims identified on **<u>Schedule 2</u>** to **<u>Exhibit A</u>**.

### C. **<u>Reduced Claims</u>**

13. The Debtor objects to 13 Reduced Claims. As set forth in the Willis Declaration and on **<u>Schedule 3</u>** to **<u>Exhibit A</u>**, the Debtor reviewed the Reduced Claims and believes that such

claims assert a claim amount greater than what the Debtor actually owes. The Debtor performed specific due diligence as to each Reduced Claim and has information supporting the reduction. These objections are not based solely on an entry in the Debtor's books and records. Failure to reduce the amounts claimed in the Overstated Claims could result in the applicable claimants receiving unwarranted recoveries, to the detriment of other creditors. Accordingly, the Debtor requests that the Court allow the Reduced Claims in the amounts set forth on **Schedule 3** to **Exhibit A**.

**D. Misclassified Claims**

14. The Debtor objects to six Misclassified Claims. As set forth in the Willis Declaration, the Debtor has reviewed the Misclassified Claims and believes that such claims, either in whole or in part, assert an incorrect priority. Failure to properly classify the Misclassified Claims could result in the applicable claimants receiving unwarranted recoveries, to the detriment of other creditors. Accordingly, the Debtor requests that the Court allow the Misclassified Claims in the classifications identified on **Schedule 4** to **Exhibit A**.

**E. No Liability Claims**

15. The Debtor objects to 11 No Liability Claims. As set forth in the Willis Declaration, the Debtor has reviewed the No Liability Claims and determined that the Debtor has no liability on account of such claims for the reasons identified on **Schedule 5** to **Exhibit A**. The Debtor performed specific due diligence as to each No Liability Claim and has information supporting its position. These objections are not based solely on an entry in the Debtor's books and records. Failure to disallow and expunge the No Liability Claims could result in the applicable claimants receiving unwarranted recoveries, to the detriment of other creditors. Accordingly, the Debtor requests that the Court enter the Order expunging and disallowing the No Liability Claims identified on **Schedule 5** to **Exhibit A**.

**F. <u>Late-Filed Claims</u>**

16. The Debtor objects to two Late-Filed Claims. On or before the Bar Date, Kurtzman Carson Consultants ("KCC"), the Debtor's notice and claims agent, served copies of the Bar Date Notice in accordance with the terms of the Bar Date Order on the Debtor's known creditors and other entities, including each of the claimants asserting the Late-Filed Claims [Docket Nos. 509, 525]. The Debtor has determined that each claimant asserting a Late-Filed Claim was timely served with the Bar Date Notice and, therefore, had adequate notice of the Bar Date. Failure to disallow and expunge the Late-Filed Claims could result in the applicable claimants receiving an unwarranted recovery against the Debtor, to the detriment of other creditors. Accordingly, the Debtor respectfully requests that the Court expunge and disallow the Late-Filed Claims identified on **<u>Schedule 6</u>** to **<u>Exhibit A</u>** in their entirety.

## VI. <u>Basis for Relief</u>

17. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). A debtor in possession has the duty to object to the allowance of any claim that is improper. <u>See</u> 11 U.S.C. § 1106(a)(1).

18. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. <u>See In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992). To receive the benefit of *prima facie* validity, however, the proof of claim must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. <u>See</u> <u>id</u>. Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the

allegations that is essential to the claim's legal sufficiency. See id. at 173-74. Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. See id. at 174. In other words, once the *prima facie* validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it." In re Kahn, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted). Notably, "[t]he burden of persuasion is always on the claimant." In re Allegheny Int'l, 954 F.2d at 174.

19. As set forth herein and in the Willis Declaration, the Court should disallow, expunge, reduce, and/or reclassify the Disputed Claims. If the Disputed Claims are not formally disallowed, expunged, reduced, and/or reclassified as requested herein, the potential exists for the applicable claimants to receive recoveries to which they are not entitled, to the detriment of the Debtor's other creditors. Thus, this relief is necessary to prevent any inappropriate distribution of estate funds and to facilitate the administration of the claims allowance process.

## VII. Compliance with Bankruptcy Rule 3007(e)

20. The Debtor respectfully submits that this Objection complies with the requirements for omnibus objections set forth by Bankruptcy Rule 3007(e). Namely, the Debtor and KCC, its notice and claims agent, have created a personalized form of notice that will be served upon each claimant affected by this Objection. A form of that notice is attached hereto as **Exhibit C**. Each notice prominently identifies the claimant's name, address, applicable claim number, and proposed treatment pursuant to the Objection and does not include any other claimant's information on the notice.

21. As a result, each claimant can readily identify its Claim and proposed treatment and respond accordingly. The proposed form of Order further identifies each claimant by category of claims subject to objection. This Objection conspicuously identifies the Debtor as the objecting party, identifies this Objection as the Debtor's first omnibus claims objection, and

contains objections to fewer than 100 Claims. Accordingly, the Debtor respectfully submits that this Objection complies with Bankruptcy Rule 3007(e).

## VIII. Separate Contested Matter

22. Each of the above objections to the proofs of claim constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. The Debtor requests that any order entered by the Court with respect to an objection asserted herein shall be deemed a separate order with respect to each Claim.

## IX. Reservation of Rights

23. The Debtor expressly reserves the right to amend, modify, or supplement this Objection and to file additional substantive or non-substantive objections to the Claims objected to herein, or any other Claims, filed or not, which may be asserted against the Debtor. Should one or more of the grounds of objection stated in this Objection be overruled, the Debtor reserves the right to object on any other applicable grounds. In addition, the Debtor reserves the right to seek to reduce any Claim for any reason, including to the extent such Claim has been paid. The Debtor reserves the right to raise further objections, including objections under section 502(d) of the Bankruptcy Code. Nothing in this Objection or the relief requested herein shall limit the right of the Debtor to bring future and/or additional objections to any of the Disputed Claims on any basis.

## X. Notice

24. This Objection has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee; (ii) the Committee; (iii) Comilog Holding; (iv) the District Director of Internal Revenue; (v) the Texas Commission on Environmental Quality; (vi) the Texas Office of the Attorney General Environmental Protection Division; (vii) the United States Environmental Protection Agency; (viii) the holders of

Disputed Claims identified on **Schedules 1-6** to **Exhibit A**; and (ix) all other parties requesting notice in the Debtors' chapter 11 cases. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice need be given.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the related relief requested herein and such other and further relief as the Court deems appropriate.

July 7, 2017

Respectfully submitted,

/s/ Sean D. Malloy

Sean D. Malloy (Ohio 0073157) (admitted *pro hac vice*)
Michael J. Kaczka (Ohio 0076548) (admitted *pro hac vice*)
Joshua A. Gadharf (Michigan P76860) (admitted *pro hac vice*)
Maria G. Carr (Ohio 0092412) (admitted *pro hac vice*)
McDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
E-mail: smalloy@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com
jgadharf@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com

-and-

William E. Kelleher, Jr. (Pa. I.D. No. 30747)
Thomas D. Maxson (Pa. I.D. No. 63207)
Helen S. Ward (Pa. I.D. No. 204088)
COHEN & GRIGSBY, P.C.
625 Liberty Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 297-4900
Facsimile: (412) 209-0672
Email: wkelleher@cohenlaw.com
tmaxson@cohenlaw.com
hward@cohenlaw.com

COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION